IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 623-001 |
| | ) | |
| AKEEM AJMIA LANIER | ) | |

**O R D E R**

Before the Court is Defendant's motion to suppress wherein he argues officers lacked probable cause to conduct the traffic stop and vehicle search leading to his arrest. (Doc. no. 27.) Specifically, Defendant states in his motion he did not run a stop sign and officers did not smell marijuana. However, in support, Plaintiff only cites to a police report that states the opposite. (See doc. no. 27-1.) The motion fails to comply with Local Criminal Rule 12.1, which requires "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted."

The burden is on Defendant to allege facts that would, if proven true, entitle him to relief, and the moving papers, including affidavits, must be sufficiently detailed and non-conjectural to allow the Court to conclude a substantial claim is presented. United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985). The Court is not required to hold an evidentiary hearing simply because a motion to suppress is filed. See United States v. Cooper, 203 F.3d 1279, 1283, 1285 (11th Cir. 2000).

Defendant must, on or before May 10, 2023, file an amended motion to suppress that supports each and every fact stated with a citation to the existing record or supporting affidavit. Should Defendant file an appropriate motion by this date, the government shall have fourteen days to file its response.

SO ORDERED this 26th day of April, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA